ing the complaint, on the ground upon which such dismissal was placed, and that a new trial must be had.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

GIEGERICH and O'GORMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.

---

CLARA M. FICKEN, an Infant, Etc., Appellant, v. THE EMIGRANTS' INDUSTRIAL SAVINGS BANK, Respondent.

(Supreme Court, Appellate Term, November, 1900.)

Savings bank — Payment to an infant's father, of a deposit to her credit, not protected by the production of the book, as required by a rule.

. A by-law of a savings bank, providing that "Although the bank will endeavor to prevent fraud on its depositors, yet all payments to persons producing the pass-book issued by the bank shall be valid payments to discharge the bank ", does not absolve it from the duty of exercising ordinary care in making payment.

Where, therefore, the bank pays a deposit, made by the grandfather of an infant to her credit and in the form " James Reid for Clara M. Reid ", to her father, knowing him to be her father, and he is neither her general nor testamentary guardian, the fact that he produced the bank-book at the time of the payment does not protect the bank as it has not exercised ordinary care.

Evidence deemed insufficient to show that the father expended the deposit for the benefit of his daughter.

APPEAL from a judgment of the Municipal Court of the city of New York, second district, borough of Manhattan, dismissing the complaint herein.

Albert Day, for appellant.

Richard O'Gorman, for respondent.

BEEKMAN, P. J.   On the 10th day of October, 1889, one James Reid made a deposit with the Emigrants' Industrial Savings Bank

of fifty-six dollars and forty cents, under the following title: "James Reid for Clara M. Reid." Clara M. Reid was the granddaughter of the depositor, and at that time was some six or seven years of age. On August 10, 1894, one Charles Reid, the father of Clara M. Reid, presented the bank-book to the bank and demanded payment of the amount then due upon said account. He was duly identified, and the bank paid to him the amount due, namely seventy-nine dollars and eight cents, and the account was closed. Subsequently and upon the discovery by Clara M. Reid of what had been done, this action was brought against the bank by her, through her husband, William Ficken, as her guardian *ad litem*. Upon the trial and at the close of the entire case, the defendant's counsel made the following motion: " I move to dismiss the complaint on the ground that payment under the by-laws of the bank has been proven." The trial justice having awarded judgment in favor of the defendant dismissing the complaint, with costs, the matter is now before us upon an appeal therefrom. The question, then, which is presented for our decision is whether, under the by-laws of the bank, payment to the father of the plaintiff of the amount in suit discharged it from any further liability to the plaintiff. The by-law relied upon was printed in the passbook, and formed part of the contract between the depositor and the bank. It reads as follows: " All deposits and all payments shall be entered at the time they are made in the books of the bank and also in the pass-book of the depositor, who shall then examine the same. The pass-book shall be the voucher of the depositor, and the possession of the pass-book shall be sufficient authority for the bank to warrant any payment made and entered in it. The bank shall not be liable or called on to make any payment without the presenting of the pass-book at its counter, that the proper entry may be made in it.

" Although the bank will endeavor to prevent fraud on its depositors, yet all payments to persons producing the pass-book issued by the bank shall be valid payments to discharge the bank. In the case of lost books the bank will decide as to the person to whom payment shall be made, and without the right of the depositor in such lost books to question the correctness of the payment."

It is well settled that notwithstanding stipulations of this character the bank still owes a duty to its depositor to exercise ordinary care in making payments, and that, in the absence of such, it still

continues liable to the depositor, where it has made payment to the wrong person, notwithstanding that such person presented the pass-book to the bank at the time such payment was made. Appleby v. Erie County Savings Bank, 62 N. Y. 12. In that case, the by-law of the bank read: "Although the bank will endeavor to prevent fraud upon its depositors, yet all payments to persons producing the pass-books issued by the bank shall be valid payment to discharge the bank." It will be observed that the by-law in this case is in precisely the same words. In commenting upon the rule, Church, Ch. J., giving the opinion of the court, says (p. 17): "But these rules do not dispense with the exercise of ordinary care on the part of the officers of the bank. If, by a regulation designed to prevent fraud upon depositors, which by the rules of the bank promised to 'endeavor' to do, a fact or circumstance is brought to the knowledge of the officers, which is calculated to, and ought to excite the suspicion and inquiry of an ordinarily careful person, it is clearly the duty of the officers to institute such inquiry, and a failure to do so is negligence for which the bank would be liable, and such, I understand, is the doctrine of the cases cited by the defendant. The officers of these institutions are held to the exercise of reasonable care and diligence." The present case is much stronger for the plaintiff than the one above cited. Here the bank was fully advised of all of the facts. It was apparent, of course, that the plaintiff's father was not the depositor nor the beneficiary of the deposit. When he presented the pass-book to the bank, the latter knew that he was the plaintiff's father, and that he was not entitled to receive the money unless it appeared that he was the guardian of the plaintiff, and as such authorized to collect and receive her personal property. It is manifest, therefore, that, in so far as the defendant seeks to escape liability by reason of the by-law above mentioned, its position is utterly untenable. Elder v. Franklin Nat. Bank, 25 Misc. Rep. 716.

It is further claimed by the defendant that the father was, as matter of law, entitled to receive the money in question, although he was neither the general nor testamentary guardian of the plaintiff. This question, however, has been decided adversely to this contention in the case of Foley v. Mutual Life Ins. Co., 138 N. Y. 333, where the matter underwent a somewhat elaborate discussion.

It is also contended that the proof shows that the money received by the father was expended for the benefit of the plaintiff, and that she cannot, therefore, succeed in this action, because she has really had the benefit of the money in question.   Upon this point the father testified as follows:   " Q. Tell what you did with the money?   A. That money was expended in personal expenses, daily personal expenses, for the purpose of carrying a question which was pending at the time, between parties in our family, to such a head as would permit this girl to remain at a college where she was for another year.   Q. What college was that?   A. Providence, Rhode Island.   The result of that was that that girl did remain for another year, and, in default of this, she would not have remained for another year.   I am free to say any gentleman, under all the circumstances, would have done the same as I did."   This falls far short of proof which would justify a judicial conclusion that the plaintiff received the benefit of the money in question in any such sense as would make her accountable therefor.   It is quite clear that the plaintiff was entitled to judgment, and that the dismissal of her complaint was error, calling for a reversal.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

Giegerich and O'Gorman, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.